**By ECF**                                                                    May 5, 2026
The Honorable Jeannette A. Vargas
United States District Judge
500 Pearl St.
New York, NY 10007-1312

      Re:    *Natural Resources Defense Council, Inc. v. U.S. Department of Energy*, No. 1:26-cv-153-JAV

Dear Judge Vargas:

      Counsel for Plaintiff Natural Resources Defense Council (NRDC) hereby submits this letter-motion addressing processing rate and the timing for *Vaughn* index productions, pursuant to the Court's April 8, 2026, Order. *See* ECF No. 18. NRDC submitted two FOIA requests to Defendant U.S. Department of Energy (DOE) on May 16, 2025, and July 3, 2025. DOE has yet to produce a single document in response and now proposes processing documents at a combined rate of 500 pages per month. Under DOE's proposal, it would take more than five and a half years to complete production—far too long for the public to wait for documents of significant public interest. As discussed further below, NRDC requests that the Court order DOE to process documents at a combined rate of 1,000 pages per month for the two FOIA requests, with an accompanying *Vaughn* index for every three productions.

## BACKGROUND

**Factual Background:** Congress established the Office of Clean Energy Demonstrations (OCED) within DOE in 2021 to promote clean energy innovation by funding demonstration projects. Following President Trump's Executive Order No. 14,154, 90 Fed. Reg 8353 (Jan. 20, 2025), DOE paused payments for some OCED awards. On May 15, 2025, Secretary of Energy Chris Wright issued a Memorandum stating that DOE was reviewing billions of dollars' worth of projects. *See* Secretary Wright Announces New Policy for Increasing Accountability, Identifying Wasteful Spending of Taxpayer Dollars, U.S. Dep't of Energy (May 15, 2025), https://perma.cc/9M7S-AJTG. On May 16, 2025, NRDC submitted its first FOIA request to DOE for records relating to the procedures and outcomes of its review of certain categories of OCED awards, as well as records documenting staff reductions or any plans to offer additional awards in fiscal years 2025 or 2026. ECF No. 1-1.

      On May 30, 2025, DOE terminated $3.7 billion in awards relating to 24 projects. DOE did not publicly reveal any details about how the reviews were conducted, what specific criteria were considered, or why certain projects were terminated. However, in non-public statements, DOE officials stated that a Portfolio Review Process (PRP) Committee had reviewed the awards. ECF No. 1 ¶¶ 39-41. NRDC submitted a second FOIA request on July 3, 2025, for, among other things, records of the PRP Committee's members, methods, and conclusions. ECF No. 1-2.

      DOE did not respond to NRDC's requests or indicate the scope of records it intends to produce within the 20-business day FOIA response deadline, or at any point since then. *See* 5 U.S.C. § 552(a)(6)(A)(i); 10 C.F.R. § 1004.5(d)(1). To date, NRDC has not received any documents responsive to either of its FOIA requests. The government has indicated that it will

begin document production on May 15, 2026, at which time NRDC's first FOIA request will be almost exactly one year old and its second over ten months old. *See* ECF No. 1-1; ECF No. 1-2; ECF No. 17 at 4. The government has also stated that the universe of responsive documents currently stands at about 34,000 pages and that it intends to process those documents at a rate of 500 pages per month.[1] ECF No. 17 at 1-2. At that rate, NRDC will not see full production until January 2032, at which point NRDC may still need to dispute any withheld documents.

While these FOIA requests have been pending, DOE has terminated more OCED awards. On October 2, 2025, DOE terminated 321 awards affecting 223 separate projects, worth a combined $7.5 billion. ECF No. 1 ¶ 47. There has been substantial public interest regarding these terminated projects, as well as inquiries from Congress and the DOE Inspector General raising significant questions about the legality of DOE's actions, *id.* ¶ 48—yet DOE continues to conceal the criteria and process for canceling these projects from the public.

**Legal Background:** FOIA requires that an agency make requested, non-exempt records "promptly available." 5 U.S.C. § 552(a)(3)(A); *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013). "Where an agency unreasonably delays disclosing non-exempt records, the courts have the authority to step in and demand that they do so." *Rolling Stone LLC v. Dep't of Just.*, No. 23-CV-10741, 2024 WL 3862521, at *2 (S.D.N.Y. Aug. 19, 2024) (citing *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988)). As part of that authority, "a court has broad discretion to determine a reasonable processing rate for a FOIA request." *New York Times Co. v. Dep't of Def.*, No. 19-CV-9821-VSB, 2022 WL 1547989, at *1 (S.D.N.Y. Apr. 21, 2022) (cleaned up); *see also* 5 U.S.C. § 552(a)(4)(B).

**DISCUSSION**

**1.     The Court should order a processing rate of 1,000 pages per month.**

**The government's proposed processing schedule is unreasonably long:** DOE's proposed processing rate of a combined 500 pages per month, *see* ECF No. 17 at 4, would result in an unacceptably slow production timeline of five years and eight months—not including any subsequent disputes over improperly withheld documents and ignoring DOE's already nearly year-long delay.

First, an over 5.5-year-long timeline for total production is *per se* unreasonable. FOIA's requirement that documents be made "promptly available" "typically" means that documents are produced "within days or a few weeks of a 'determination,' not months or years." *Citizens for Resp. & Ethics*, 711 F.3d at 188. Courts have corrected excessively long production schedules consistent with this understanding of "promptness." *See, e.g.*, Transcript at 3-4, 6-7, *NRDC v. FDA*, No. 20-CV-7703-VEC (S.D.N.Y. Mar. 4, 2021) (attached as Exhibit A) (finding government's proposed 1,000 pages/six weeks processing rate unreasonably low for a universe of about 82,000 pages); *Seavey v. Dep't of Just.*, 266 F. Supp. 3d 241, 245-48 (D.D.C. 2017) (rejecting government's proposed 500 pages/month processing rate when it would result in a 17-

---

[1] NRDC and the government are engaged in ongoing conversations about narrowing the responsive universe of documents. However, no narrowing has taken place to date, and it is unlikely that the parties will be able to shrink the responsive universe enough to speed up complete production by a reasonable amount of time (e.g. reducing the total processing time by years rather than months) under the government's desired 500 pages per month rate.

year-long production timeline and ordering a 2,850 pages/month rate); *Buc v. FDA*, 762 F. Supp. 2d 62, 65-66, 73 (D.D.C. 2011) (ordering agency to complete its production months before its expected completion date); *NRDC v. Dep't of Energy*, 191 F. Supp. 2d 41, 42-44 (D.D.C. 2002) (finding that DOE was "woefully tardy" due to its year-long delay and ordering a shorter schedule than DOE proposed). This case demands the same remedy.

NRDC's requested information is also time-sensitive, further underscoring the unreasonableness of the government's proposed production timeline. When considering ordering faster production, courts may look to the public interest. *See NRDC*, 191 F. Supp. 2d at 43. And the public interest justifies faster production here. DOE has engaged in multiple rounds of grant terminations pursuant to the opaque processes that are the subject of NRDC's FOIA requests, with serious environmental and economic impacts. Some companies have begun canceling projects or conducting layoffs due to these terminations and uncertainty around their statuses, while others have pending appeals regarding the terminations. *See* Ian Wells & Jaden Kielty, *Six Months Later: The Fallout of the DOE's $7.5 Billion in Canceled Clean Energy Projects*, NRDC (Apr. 22, 2026), https://perma.cc/WT4A-GYX7. Further delays will compound the adverse effects these companies are already experiencing. Release of these documents will also allow the public and members of Congress to take political action regarding DOE's legally questionable grant review and termination process before the damage is irreversible. But a delay of multiple years—especially one that could stretch beyond the current administration and to the end of the next—would nullify the requested information's value, wasting the resources of NRDC, the government, the judiciary, and the public. Such an outcome is disfavored. *See NRDC*, 191 F. Supp. 2d at 43 (ordering faster production because DOE's proposed schedule "may well result in disclosing the relevant documents *after* the need for them … has been overtaken by events").

**NRDC's requested processing rate is reasonable:** Rather than the government's proposed processing rate, NRDC requests that the Court order a combined processing rate of at least 1,000 pages per month for the two requests. This rate is reasonable, if not conservative. Courts have ordered far higher processing rates when in the public interest and when agencies have been similarly intractable. *See, e.g.*, *Am. Civ. Liberties Union v. Dep't of Def.*, 339 F. Supp. 2d 501, 503-05 (S.D.N.Y. 2004) (ordering agencies to produce or identify all 17,000-20,000 pages of responsive documents within a month where the information requested was "of significant public interest" and agencies had failed to respond to the request for eleven months); *Judicial Watch, Inc., v. Dep't of Energy*, 191 F. Supp. 2d 138, 140-41 (D.D.C. 2002) (ordering agencies to process approximately 15,000 pages within 60 days after they had "produced nothing" ten months after lawsuit began); *NRDC*, 191 F. Supp. 2d at 42-43 & n.5 (ordering the "vast majority" of 7500 pages to be processed within 32 days because the information sought was "of extraordinary public interest" and DOE had "done little of substance" to respond over the course of nine months). As discussed, both factors are present here and justify NRDC's requested rate.

While the Court has found 500 pages per month reasonable in some other cases, this case concerns two *separate* requests, requesting different documents and with different DOE tracking numbers. When an agency "could treat these as distinct requests, each subject to its own 500-page cap" but instead "chooses to treat them as a single request subject to one cap, which results in a lengthier processing time," courts have found it appropriate to order a higher processing rate. *See, e.g.*, *Seavey*, 266 F. Supp. 3d at 248. The Court should do so here. NRDC could have filed

separate lawsuits on the two requests, in which case DOE's suggested 500 pages per month processing rate would have likely applied to each request—resulting in a 1,000 pages per month processing rate in practice. NRDC should not be punished with a doubly long production schedule because it consolidated its requests for efficient litigation.

Finally, a 1,000 pages per month processing rate already represents a significant compromise, as the likely production timeline is far slower than what NRDC would prefer and what FOIA's "promptness" requirement typically demands. *See Citizens for Resp. & Ethics*, 711 F.3d at 188. Applying that rate, the agency will still take nearly three years to complete production and nearly four from the time of the requests.

**2.      The Court should order production of a *Vaughn* index every three months.**

"Against the backdrop of the anti-delay policy of FOIA, district courts balance the same equities pertinent to the timing of a response to a FOIA document request in their determinations of the appropriate timing of a response to a *Vaughn* index request." *Brennan Ctr. for Just. v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 550 (S.D.N.Y. 2018) (cleaned up). This Court has held that rolling indices may be appropriate and are "more efficient than having the [agency] produce an index at the end of document production, which would require a review of all previous productions." Memo Endorsement and Order at 6, *NRDC v. FDA*, No. 1:20-CV-7703-VEC (S.D.N.Y. Nov. 16, 2020) (attached as Exhibit B) (ordering interim *Vaughn* indices with each production). Here, NRDC requests that the Court order DOE to produce a *Vaughn* index with every third monthly production. Otherwise, NRDC will need to wait multiple years (possibly over five and a half) to evaluate DOE's withholdings and attempt to resolve disagreements, which may require adding significantly more time onto the production if documents are improperly withheld. Indices every three months would allow the parties to promptly address any disagreements and enable future productions to proceed more efficiently.

### CONCLUSION

FOIA "does not condone agency personnel sitting behind accumulating mounds of FOIA requests and requiring each requester to 'take a number' and wait many months or years for the agency to comply." *Jud. Watch, Inc. v. U.S Dep't of Homeland Sec.*, 895 F.3d 770, 789 (D.C. Cir. 2018) (Pillard, J., concurring). Here, DOE has attempted to do just that. The Court should cure the agency's sluggishness by ordering a production rate of 1,000 pages per month, with *Vaughn* indices for every three productions.

Dated: May 5, 2026

Respectfully submitted,

*/s/ Jared Solomon*
Jared Solomon (admitted *pro hac vice*)
Natural Resources Defense Council
1152 15th St. NW, Ste. 300
Washington, D.C. 20005
(202) 289-6868
jsolomon@nrdc.org
*Counsel for Plaintiff*

4